IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGE A. BRUMFIELD, # 129996, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv479-TMH |
| ) | (WO) |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

George A. Brumfield ("Brumfield"), an Alabama inmate incarcerated at the Limestone Correctional Facility, has filed a *pro se* pleading self-styled as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. No. 1. In his petition, Brumfield alleges that his current custody pursuant to a 150-year sentence for two counts of first-degree rape, imposed by the Circuit Court of Tuscaloosa County in 1981, violates his due process rights under the United States Constitution. In this vein, he maintains, at least in part, that he has fully served his sentence and is being held beyond the lawful expiration of his sentence. Upon review of Brumfield's petition, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama.

**DISCUSSION**

Brumfield styles his pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241. However, it is well settled that to the extent a petitioner seeks to be released from custody that is pursuant to the judgment of a state court, the proper manner for obtaining such

relief is by way of a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See, e.g., Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060-62 (11th Cir. 2003); *see also* 28 U.S.C. § 2254(a). A § 2254 habeas petition filed by a person in custody under the judgment and sentence of a state court should be filed "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d); *see Thomas v. Crosby*, 371 F.3d 782, 788 (11th Cir. 2004).

Brumfield is incarcerated at the Limestone Correctional Facility in Harvest (Madison County), Alabama. That custody is pursuant to a judgment of conviction and sentence imposed by the Tuscaloosa County Circuit Court. Both Madison County and Tuscaloosa County are located within the jurisdiction of the United States District Court for the Northern District of Alabama. It is therefore clear from the face of Brumfield's pleadings that the proper venue for his petition for habeas corpus relief is the United States District Court for the Northern District of Alabama. This court therefore concludes that the transfer of this case to such other court for determination is appropriate.[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

---

[1] Brumfield has filed an affidavit in support of a request for leave to proceed *in forma pauperis* in this action. Doc. Nos. 2 & 11. However, under the circumstances of this case, this court makes no determination with respect to such request, as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

be TRANSFERRED to the United States District Court for the Northern District of Alabama. It is further

ORDERED that on or before **June 27, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 13th day of June, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE